1   William B. Sullivan [CSB 171637]
    helen@sullivanlawgroupllp.com
2   Eric K. Yaeckel
    yaeckel@sullivanlawgroupllp.com
3   Lara A. Prodanovich [CSB No. 282289]
    lprodanovich@sullivanlawgroupllp.com
4   **SULLIVAN LAW GROUP, LLP**
    2330 Third Avenue
5   San Diego, California 92101
    (619) 702-6760 * (619) 702-6761 FAX
6
    Attorneys for Plaintiff ELENA SELK, individually and on behalf of other members
7   of the general public similarly situated

8

9

10

11              **IN THE UNITED STATES DISTRICT COURT**

12            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  ELENA SELK, individually and on behalf of other members of the general public similarly | CASE NO.  **'13 CV 0244 DMS BGS** |
| 14  situated, | **(CLASS ACTION)** |
| 15            Plaintiff, | **COMPLAINT FOR:** |
| 16       v. | |
| 17  PIONEERS MEMORIAL HEALTHCARE | **1.    VIOLATION OF FAIR LABOR STANDARDS ACT;** |
| 18  DISTRICT, a business entity, form unknown, and DOES 1-50, inclusive | **2.    VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*** |
| 19            Defendants | |
| 20 | ***Demand for Jury Trial*** |

21

22

23

24

25

26

27

28   ///

COMES NOW Plaintiff ELENA SELK ("SELK"), individually and on behalf of all aggrieved employees, and alleges for her Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. At all relevant times herein, SELK was and is an individual domiciled in the County of Imperial, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant PIONEERS MEMORIAL HEALTHCARE DISTRICT ("PIONEERS"), was and is a business entity, form unknown, and doing business in the State of California in the County of Imperial, California.

3. Venue is proper because certain acts constituting the below violations were committed in San Diego County and Imperial County.

4. Plaintiff is presently unaware of the true names, capacities and liability of Defendants named herein as DOES 1 through 50, inclusive. Accordingly, Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities after the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant or Defendants.

6. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, including DOES 1 through 50, are and at all times herein mentioned were either individuals,

- 1 -

Complaint

1   sole proprietorships, partnerships, registered professionals, corporations, alter egos or other

2   legal entities which were licensed to do and/or were doing business in the County of Imperial,

3   State of California at all times relevant to the subject matter of this action.

4   7.   The Fair Labor Standards Act of 1938 ("FLSA") authorizes Court actions by private parties

5   to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over

6   Plaintiff's FLSA claims is based upon 29 U.S.C. section 216(b) and 28 U.S.C. section 1331.

7   8.   Under 28 U.S.C. section 1367, this Court has supplemental jurisdiction over Plaintiff's state

8   law claims because the state claims are so related to the FLSA claims that they form part of the

9   same case of controversy. Additionally, jurisdiction over Plaintiff's state law claims is based

10  upon the Class Action Fairness Act, 28 U.S.C. section 1332(d)(2)(A), because the amount in

11  controversy exceeds five-million dollars ($5,000,000.00), exclusive of interest and costs, and

12  because the parties are diverse.

13  **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

14  9.   SELK worked for Defendant PIONEERS as an Registration/Intake Clerk from December 2007

15  to February 2012. Plaintiff SELK brings Count I, the FLSA claim, as a statewide "opt-in"

16  collective action pursuant to 29 U.S.C. section 216(b), on behalf of herself and as the Named

17  Plaintiff of the following persons:

18  All current and former nonexempt employees of PIONEERS MEMORIAL
    HEALTHCARE DISTRICT ("PIONEERS") who have worked for PIONEERS
19  in the state of California at any time during the last three years.

20  10.  SELK brings Count II (violation of California Business & Professions Code section 17200 *et*

21  *seq.*) as an "opt-out" class action pursuant to Fed.R.Civ.P. 23, on behalf of herself and as the

22  Class Representative of the following persons:

23  All current and former nonexempt employees of PIONEERS
    MEMORIAL HEALTHCARE DISTRICT ("PIONEERS") who have
24  worked for PIONEERS in the state of California within the last four
    years.
25

26  11.  The FLSA claim is pursued on behalf of those who opt-in to this case, pursuant to 29 U.S.C.

27  section 216(b).

28  12.  The state law claims, if certified for class-wide treatment, are pursued on behalf of all similarly

- 2 -

Complaint

1    situated persons who do not opt-out of the Class.

2  13.  Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, PIONEERS' uniform practice of: (1) failing to pay employees for all overtime compensation due, as a result of PIONEERS' failure to properly calculate the "Regular Rate of Pay" for purposes of calculating the Overtime rate of pay; (2) failing to pay employees for all hours of work recorded, including overtime compensation, due to its use of a standard, imprecise and non-neutral compensation policy; and (3) failing to keep accurate record of wages due to employees and their hours worked each day. The facts for these allegations are set forth below in Count I. The number and identity of other plaintiffs may be determined from PIONEERS' records and potential class members may easily and quickly be notified of the pendency of this action.

13.  Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed.R.Civ.P. 23.

14.  The class on whose behalf the action is brought is so numerous that joinder of all parties individually would be impracticable. Plaintiff brings this action on behalf of approximately One-Thousand, One-Hundred (1,100) non-exempt, current and former employees of Defendant who work or worked facilities located in California, and who share a common or general interest, and it would be impracticable for those employees to bring the action individually. Any variations in job activities between the individual class members are legally insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and all other class members were improperly denied the benefits and protections of the FLSA, by and through Defendant's standard and institutionalized practices, and were therefore victims or the illegal and/or unfair acts and practices of Defendant PIONEERS.

15.  The approximately One-Thousand, One-Hundred (1,100) member class is ascertainable via their experience as current or former employees of Defendant, designated by Defendant as "non-exempt" and thus entitled to Overtime Compensation, who work or worked in facilities located in California.

16.  This action involves questions of law and fact common to the Class that predominate over any

- 3 -

questions affecting only individual members in that Plaintiff brings this action on behalf of a class of Defendant's current and former nonexempt employees who work or worked in facilities located in California and who were and/or are denied the benefits and protections of the FLSA. The questions of law and fact common to the Class arising from PIONEERS' actions include, without limitation, the following:

a.     Whether PIONEERS deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, *inter alia*, sections 207(a) and 207(e) of the FLSA, and 29 C.F.R. section 778.207 in that PIONEERS used and uses an imprecise and illegal method of calculating time worked, where PIONEERS fails to properly calculate the Regular Rate of Pay (for purposes of calculating the proper Overtime Rate of Pay) for those employees who work the "Second Shift" (i.e. SFT2") or the "Third Shift," and receive a "shift bonus" for such work. For example, employers must include shift differential pay when determining an employee's Regular Rate of Pay. The proper method to calculate the Overtime Rate of Pay under the FLSA is to include all remuneration divided by the total hours worked. Overtime compensation must be calculated on the regular rate, which will exceed the hourly rate when shift differentials are paid. PIONEERS failed to properly perform such an action, to Plaintiffs' monetary loss. (Please see **Exhibit A**);

b.     Whether PIONEERS deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, *inter alia*, section sections 207(a) and 207(e) of the FLSA, and 29 C.F.R. section 778.207 in that PIONEERS used and uses an imprecise and illegal method of calculating time worked, where PIONEERS fails to properly calculate the Regular Rate of Pay (for purposes of calculating the proper Overtime Rate of Pay), where PIONEERS fails to calculate the "Meal Discounts" employees receive as part of their remuneration for their work services. (i.e. Please see **Exhibit A**, under deductions for "Cafeteria Charge");

c.     Whether PIONEERS deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, *inter alia*, section 207(a) of the

1    FLSA, and 29 C.F.R. sections 778.106 and 785.11 in that PIONEERS uses a illegal

2    method of calculating time worked, where PIONEERS does not pay employees for the

3    number of hours they actually worked, but rather through a standard compensation

4    policy which does *not* take into account the employees' actual computer log-in and log-

5    out times, PIONEERS systematically underpays Class Members, in an unfair and non-

6    neutral manner; and,

7    d.    Whether PIONEERS deprived Class Members of the benefit of 29 C.F.R. 516.2, which

8    requires that employers keep accurate record of wages due to employees and their

9    hours worked each day.

10  17.    The questions set forth above predominate over any questions affecting only individual

11    persons, and a class action is superior with respect to considerations of consistency, economy,

12    efficiency, fairness and equity to other available methods for the fair and efficient adjudication

13    of the state law claims.

14  18.    Plaintiff's claims in this action are typical of the class whom Plaintiff generally represents. The

15    claims result from Defendant's standard and institutionalized practices, experienced by

16    Plaintiff and all other class members. Any differences in job titles are immaterial, as Defendant

17    used (and uses) a standard system to compensate the class members.

18  19.    A class action is the appropriate method for the fair and efficient adjudication of this

19    controversy.  PIONEERS has acted or refused to act on grounds generally applicable to the

20    Class.  The presentation of separate actions by individual Class Members could create a risk

21    of inconsistent and varying adjudications, establish incompatible standards of conduct of

22    PIONEERS, and/or substantially impair or impede the ability of Class Members to protect their

23    interests.

24  20.    Plaintiff is an adequate representative of the Class because she is a member of the Class and

25    her interests do not conflict with the interests of Class Members whom he seeks to represent.

26    The interests of the Class Members will be fairly and adequately protected by Plaintiff and the

27    undersigned counsel, who have extensive experience prosecuting complex wage and hour,

28    employment and class action litigation.

- 5 -

21. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each Class Member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

## FACTUAL BACKGROUND

22. In or about December, 2007, Plaintiff began working for Defendant as an Intake Clerk. In or about July, 2008, Plaintiff transferred to the position of Emergency Room Patient Registration Clerk. Plaintiff's active employment continued until her involuntary termination in or about February, 2012. Throughout her employment, Plaintiff performed her job in a capable and competent manner and was commended for doing so.

23. Throughout the term of their employ, Plaintiff and all other class members were and are currently denied the benefits and protections of the FLSA, due to the institutionalized pay practices of Defendant, standard as to all Defendant's non-exempt employees.

## COUNT I

**VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938 - Class Action**
**(Brought against PIONEERS and DOES 1-50 by SELK,**
**individually and on behalf of all others similarly situated)**

24. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1-23.

25. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. section 201 *et seq.*

26. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. section 207(a)(1).

27. PIONEERS is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

28. PIONEERS violated the FLSA by failing to provide proper and complete compensation

- 6 -

(including overtime compensation) to Plaintiff and all other employees similarly situated. In the course of perpetrating these unlawful practices, PIONEERS also willfully failed to keep accurate records of all hours worked by its employees and the wages due to employees.

29.   Specifically, PIONEERS failed to properly calculate the Regular Rate of Pay (for purposes of calculating the proper Overtime Rate of Pay) for those employees who work the "Second Shift" (i.e. SFT2") or the "Third Shift," and receive a "shift bonus" for such work, in violation of sections 207(a) and 207(e) of the FLSA, and 29 C.F.R. section 778.207, which requires employers to include shift differential pay when determining an employee's Regular Rate of Pay for purposes of calculating the Overtime Rate of Pay. The proper method to calculate the Overtime Rate of Pay under the FLSA is to include all remuneration divided by the total hours worked. Overtime compensation must be calculated on the Regular Rate of Pay, which will exceed the hourly rate when shift differentials are paid. PIONEERS failed to properly perform such an action, to Plaintiffs' monetary loss. For example, attached as **Exhibit A**, is a true and correct copy of SELK's "statement of earnings" from the pay period ending January 8, 2012, which demonstrates SELK was underpaid **$0.37** due to PIONEERS failure to include her shift differential into her Regular Rate of Pay for purposes of Calculating Overtime compensation. In this pay period, SELK worked a total of 83 hours (71.75 regular hours and 11.25 overtime hours) at $12.54 per hour, and received a $1.254 Shift Differential for 58.50 hours. Accordingly, by including all remuneration divided by total hours worked, her Regular Rate of Pay is $13.43 [((83 x $12.54) + ($1.254 x 58.50)) ÷ 83]. Thus, SELK should have been paid at an overtime rate of $20.13 [$13.43 x 1.5] for her overtime hours. Consequentially, SELK should have been compensated $1,190.06 for this pay period [(71.75 x $13.43) + (11.25 x $20.13)]. Since SELK was paid only $1189.69, she was underpaid **$0.37** [$1189.69 - $1,190.06]. PIONEERS failure to properly pay SELK is due to its improper calculation of the Regular Rate of Pay. Rather than paying SELK overtime compensation at one and one half times her Regular Rate of Pay (including all remuneration), PIONEERS incorrectly paid SELK at her straight time pay rate plus ½ of her Regular Rate of Pay.

30.   Additionally, PIONEERS failed to properly calculate the Regular Rate of Pay (for purposes

Complaint

of calculating the proper Overtime Rate of Pay) when it failed to calculate the "Meal Discounts" employees receive as part of their remuneration for their work services. (i.e. Please see **Exhibit A**, under deductions for "Cafeteria Charge").

31. Further, PIONEERS deprived Class Members of proper and complete compensation (including overtime compensation) in violation of, *inter alia*, section 207(a) of the FLSA, and 29 C.F.R. sections 778.106 and 785.11 by not paying employees for all hours actually worked.  To wit, PIONEERS paid its employees pursuant to a standard compensation policy that systematically underpays employees, in an unfair and non-neutral manner.  PIONEERS policy: (1) does *not* pay employees according to their actual computer log-in and log-out times; and (2) systematically redacts 30 minutes of recorded time work, the result being that Class Members were compensated for less time than actually worked. As an example, attached as **Exhibit B**, is a true and correct copy of SELK's time card report for the pay period ending December 25, 2011. On December 15, 2011, SELK's time card report shows she worked from 8:58am to 5:20pm, for a total of 8 hours and 22 minutes, with no recorded meal break. However, PIONEERS systematically redacted 0.50 hours from her recorded work time, and only compensated her for 7.75 hours of work. Indeed, this time card demonstrates that PIONEERS systematically redacts 0.50 hours from SELK's recorded work time, every time she does not clock in and out for a meal break.  Additionally, on December 14, 2011, SELK worked 8 hours and 14 minutes, but was only compensated for 8 hours of work (SELK clocked in at 6:54 am, and out at 10:32 pm (3 hours and 38 minutes), then in again at 11:41 am, and out at 4:17 pm (4 hours and 36 minutes).

32. Lastly, PIONEERS deprived Class Members of the benefit of 29 C.F.R. 516.2, which requires that employers keep accurate record of wages due to employees and their hours worked each day, as a result of perpetrating the unlawful practices discussed, supra.

33. Section 13 of the FLSA, codified at 29 U.S.C. section 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiff nor any other similarly situated employees.

34. Plaintiff and all other similarly situated employees are victims of a uniform and company wide

- 8 -

Complaint

1    compensation policy. Upon information and belief, PIONEERS applies/applied this uniform

2    policy to all current and former nonexempt employees, employed within the last three years.

3    35.    Plaintiff and all other similarly situated employees are entitled to damages equal to the

4    mandated overtime premium pay within the three years preceding the filing of this Complaint,

5    plus periods of equitable tolling, because PIONEERS acted willfully and knew, or showed

6    reckless disregard of whether, its conduct was prohibited by the FLSA.

7    36.    PIONEERS has acted neither in good faith nor with reasonable grounds to believe that its

8    actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and

9    all other similarly situated employees are entitled to recover an award of liquidated damages

10    in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b)

11    of the FLSA, codified at 29 U.S.C. section 216(b). Alternatively, should the Court find

12    PIONEERS did act with good faith and reasonable grounds in failing to pay overtime

13    compensation, Plaintiff and all other similarly-situated employees are entitled to an award of

14    prejudgment interest at the applicable legal rate.

15    37.    As a result of the aforementioned willful violations of the FLSA's overtime pay provisions,

16    overtime compensation has been unlawfully withheld by PIONEERS from Plaintiff and all

17    other similarly situated employees. Accordingly, PIONEERS is liable for compensatory

18    damages pursuant to 29 U.S.C. section 216(b), together with an additional amount as

19    liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees and

20    costs of this action.

21

22    **COUNT II**

23    **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION**<br>**17200 *et seq.* - Class Action**<br>**(Brought against PIONEERS and DOES 1-50 by SELK,**<br>**individually and on behalf of all others similarly situated)**

24

25    38.    Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1-37.

26    39.    Business & Professions Code section 17200, *et seq.*, prohibits any unlawful, unfair or

27    fraudulent business act or practice.

28    26.    Plaintiff's allegations herein are based upon Defendant's institutional business acts and

- 9 -

1    practices.

2    27.    Defendant's acts and practices, as described herein, are unlawful and unfair, in that they violate

3           the FLSA.

4    40.    PIONEERS' actions, including but not limited to the failure to properly calculate the "Regular

5           Rate of Pay" (for purposes of subsequently calculating the proper Overtime Rate of Pay), the

6           failure to provide proper and complete compensation (including overtime compensation), and

7           the failure to keep accurate record of wages due to employees, constitute fraudulent and/or

8           unlawful and/or unfair business practices in violation of California's Unfair Competition Laws,

9           codified under Business and Professions Code section 17200 *et seq.* ("UCL").

10   41.    Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing

11          date of this action, and as set forth above, PIONEERS committed acts of illegal and unfair

12          competition, as defined by Bus. & Prof. Code § 17200, by failing to adequately and properly

13          compensate its employees for work performed on behalf of PIONEERS.   These acts and

14          practices violate the UCL in that:

15          1.    The above-described failure to pay wages owed to Plaintiff and all other Class

16                Members constituted an illegal, unfair and fraudulent and/or deceptive business act or

17                practice within the meaning of the UCL;

18          2.    The above-described failure to pay wages owed to Plaintiff and all other Class

19                Members constituted an unlawful and/or unfair business practice under the UCL in that

20                the failure violates the FLSA as described herein; and California Civil Code section

21                1770(a)(5), which bars "[r]epresenting that goods or services have sponsorship,

22                approval, characteristics, ingredients, uses, benefits, or quantities which they do not

23                have..."; and

24          3.    The harm of the above-described failure to pay wages owed to Plaintiff and all other

25                Class Members outweighs the utility of the practices by PIONEERS and, consequently,

26                constitutes an unfair business act or practice within the meaning of the UCL.

27   42.    Upon information and belief, PIONEERS continues its fraudulent and/or unlawful and/or

28          unfair conduct as previously described.   As a result of said conduct, PIONEERS has

- 10 -

Complaint

fraudulently and/or unlawfully and/or unfairly obtained monies due to Plaintiff and all other Class Members and are unfairly competing in the marketplace.

43.   Plaintiff and all other Class Members are entitled to restitution of monies due, as well as disgorgement of the ill-gotten gains obtained by PIONEERS, for a period of four years predating the filing of this Complaint.

44.   As a direct and proximate result of PIONEERS conduct, Plaintiff is entitled to a preliminary and permanent injunction enjoining PIONEERS from continuing its fraudulent and/or unlawful and/or unfair practices alleged herein, and to such other relief as is appropriate under California Business and Professions Code section 17202.

45.   Plaintiff is entitled to attorneys' fees and costs for promoting the interests of the general public in causing PIONEERS to cease its fraudulent and/or unlawful and/or unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure section 1021.5 and any other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the class, prays for relief as follows:

1.   An order certifying that Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. section 216(b);

2.   An order certifying that Count II of the action may be maintained as an "opt-out" class action pursuant to Fed.R.Civ.P. 23.

3.   Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, *inter alia*, the unpaid balance of compensation owed by PIONEERS and statutory penalties pursuant to, *inter alia*, 29 C.F.R. 578.3.

4.   An order enjoining PIONEERS from engaging in the illegal practices alleged, and to ensure compliance with, among other employee protections, 29 C.F.R. sections 516.2, 778.106, 778.207, and 785.11.

- 11 -

5.  An order enjoining PIONEERS from pursuing the fraudulent and/or unlawful and/or unfair policies, acts and practices complained of herein

6.  Attorneys' fees pursuant to, *inter alia*, 29 C.F.R. 216(b);

7.  Costs of this suit pursuant to, *inter alia*, 29 C.F.R. 216(b);

8.  Pre- and post-judgment interest; and

9.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this matter be heard and decided by trial by jury.

Dated: January 31, 2013                    **SULLIVAN LAW GROUP, LLP**

                                           */s/ Lara. A. Prodanovich*
                                           William B. Sullivan,
                                           Eric K. Yaeckel,
                                           Lara A. Prodanovich
                                           Attorneys for Plaintiff ELENA SELK,
                                           individually and on behalf of other members
                                           of the general public similarly situated

# Exhibit A

01/26/2012  15:24   7603517164                     BRAWLEY BACK                              PAGE  13

STATEMENT OF EARNINGS - DETACH ALONG THIS PERFORATION AND RETAIN FOR YOUR RECORDS

**PIONEERS MEMORIAL HEALTHCARE DISTRICT**
207 W. LEGION RD.
BRAWLEY, CA 92227-7780

| Elena G. Selk | | Paygroup | BWKLY | FIT | S | 1 | Check No | 500097 |
|---|---|---|---|---|---|---|---|---|
| 681 S. 17Th St | | Location | CA | SIT res | S | 1 | Check Date | 1/13/2012 |
| Brawley, CA 92227 | | Cost Center | 8560 | SIT work | S | 1 | Period Start | 12/28/2011 |
| | | | | | | | Period End | 1/8/2012 |
| Emp No   2130 | | | | | | | Job | 616 |

### COMPANY MESSAGE

| EARNINGS | | | | | | DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|
| Pay Type | Piece Units | Piece Rate | Hours | Pay Rate | Current | YTD | Deduction | Current | YTD |

| Pay Type | Piece Units | Piece Rate | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|---|---|
| Overtime | | | 11.25 | 12.5400 | 141.08 | 141.08 |
| Overtime Prem | | | 11.25 | 6.7119 | 75.51 | 75.51 |
| Regular | | | 71.75 | 12.5400 | 899.74 | 899.74 |
| Shift Dif 2 | | | 58.50 | 1.2540 | 73.36 | 73.36 |

**Deduction:** Cafeteria Charg  Current 4.97  YTD 4.97

Total Hours    141.50

| EMPLOYEE ACCRUALS | | | NET PAY DISTRIBUTION | | TAXES | | |
|---|---|---|---|---|---|---|---|
| Accrual Description | Current | Balance | Account Number | Type | Tax Code | Current | YTD |

| Tax Code | Current | YTD |
|---|---|---|
| Federal Income | 127.40 | 127.40 |
| Employee Medice | 17.25 | 17.25 |
| Social Security | 49.97 | 49.97 |
| CA State Income | 23.88 | 23.88 |
| CA Disability E | 11.90 | 11.90 |

Check Amount    954.32
Total Net Pay    954.32

| | GROSS | TAXES | DEDS | NET PAY |
|---|---|---|---|---|
| CURRENT | 1,189.69 | 230.40 | 4.97 | 954.32 |
| YTD | 1,189.69 | 230.40 | 4.97 | 954.32 |

# Exhibit B

```
Pioneers Memorial Healthcare District Time Card Report for Pay Period:  12/12/2011 - 12/25/2011 (Pay Period Number 26)

   Number:  ***********                           Dept/CC: 000008560  Facility:  001
   Name:    SELK, ELENA G.                        Supervisor Number: 856001       Name:  MARISA WHITEHEAD        Page - 714
   Employee:                                      Supervisor:
This time card report was approved by '851004 - ROLAND S. TICMAN' on 12/27/2011 17:08:34 PST
```

Pay Code Summary

| REG | OVT | SFT2 | HLOVT | PTO |
|---|---|---|---|---|
| 71.75 | 0.25 | 39.75 | 7.75 | 4.05 |

User Defined Pay Code Summary

| total hrs | reg hrs | ovt hrs | sft hrs |
|---|---|---|---|
| 83.80 | 71.75 | 8.00 | 39.75 |
| np hrs | ihr hrs | | |
| 4.05 | 0.00 | | |

Detail Summary

| | | Date | Time | Special Codes | Lun | Total | REG | OVT | SFT2 | HLOVT | PTO | Fac | Dept/CC | JC/Pos | Pos Cd | Clk No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | MO | 12/12/2011 | | | | | | | | | | | | | | |
| In | TU | 12/13/2011 | 1152 | | 0.50 | 8.00 | 8.00 | | 8.00 | | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/13/2011 | 2008 | | | | | | | | | | | | | 8 |
| In | WE | 12/14/2011 | 0654 | | | 8.00 | 3.50 | | | | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/14/2011 | 1032 | | | | | | | | | | | | | 8 |
| In | WE | 12/14/2011 | 1141 | | | | 4.50 | | | | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/14/2011 | 1617 NL | | | | | | | | | | | | | 8 |
| In | TH | 12/15/2011 | 0858 | | 0.50 | 7.75 | 7.75 | | | | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/15/2011 | 1720 | | | | | | | | | | | | | 8 |
| In | FR | 12/16/2011 | 0800 PTO | 0.50 | 0.50 | | | | | | 0.50 | 1 | 8560 | 023515 | 1 | |
| In | SA | 12/17/2011 | 1151 | 0.50 | 8.00 | 8.00 | | 8.00 | | | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/17/2011 | 2014 | | | | | | | | | | | | | 8 |
| In | SU | 12/18/2011 | 1146 | 0.50 | 8.00 | 8.00 | | 8.00 | | | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/18/2011 | 2020 | | | | | | | | | | | | | 8 |
| Week 1 Total . . . . . . | | | | | | 40.25 | 39.75 | | 24.00 | | 0.50 | | | | | |
| | MO | 12/19/2011 | | | | | | | | | | | | | | |
| | TU | 12/20/2011 | | | | | | | | | | | | | | |
| In | WE | 12/21/2011 | 0650 | | 0.50 | 8.25 | 8.00 | 0.25 | | | | 1 | 8560 | 023515 | 1 | 2 |
| Out | | 12/21/2011 | 1525 | | | | | | | | | | | | | 8 |
| In | TH | 12/22/2011 | 0648 | | 0.50 | 8.00 | 8.00 | | | | | 1 | 8560 | 023515 | 1 | 2 |
| Out | | 12/22/2011 | 1511 | | | | | | | | | | | | | 8 |
| In | FR | 12/23/2011 | 0647 | | 0.50 | 8.00 | 8.00 | | | | | 1 | 8560 | 023515 | 1 | 2 |
| Out | | 12/23/2011 | 1515 | | | | | | | | | | | | | 8 |
| In | SA | 12/24/2011 | 1148 | | 0.50 | 8.00 | 6.75 | | 8.00 | 1.25 | | 1 | 8560 | 023515 | 1 | 2 |
| Out | | 12/24/2011 | 2010 | | | | | | | | | | | | | 8 |
| In | SU | 12/25/2011 | 1153 | | 0.50 | 7.75 | 1.25 | | 7.75 | 6.50 | | 1 | 8560 | 023515 | 1 | 8 |
| Out | | 12/25/2011 | 2013 | | | | | | | | | | | | | 8 |
| Week 2 Total . . . . . . | | | | | | 40.00 | 32.00 | 0.25 | 35.75 | 7.75 | | | | | | |
| Grand Total . . . . . . | | | | | | 80.25 | 71.75 | 0.25 | 39.75 | 7.75 | 0.50 | | | | | |

Adjustments Summary

| | Date | Pay Code | Hours | Amount | SH | PTO | Fac | Dept/CC | JC/Pos | Pos Cd | Clk No |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SU | 12/25/2011 | PTO | 3.55 | | 01 | 3.55 | 1 | 8560 | 023515 | 1 | |
| Desc : Per HR pick up PTO last PP | | | | | | | | | | | |
| Grand Total . . . . . . | | | 3.55 | | | | | | | | |

Benefits Summary

| Category | Begin Bal | Ending Bal | Eligibility Date | Previous Acc | Previous Taken | Previous Sub | Current Acc | Current Taken | Current Sub | Year to Date Acc | Year to Date Taken | Year to Date Sub |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PAID TIME OFF | 122.5400 | 122.5400 | 12/27/2007 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0000 | 0.0000 | 0.0000 |
| SICK | 2.1500 | 2.1500 | 12/27/2007 | 0.00 | 32.25 | 32.25 | 0.00 | 0.00 | 0.00 | 0.0000 | 162.6500 | 162.6500 |

Employee Information Summary

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Status: | A | Hire Date: | 12/27/2007 | Daily Hrs: | 8.00 | PP Group: | 1 | Union: | |
| Type: | H | Term Date: | | Approved Hrs: | 80.00 | JC/Pos: | 023515 | Grade: | |
| Class: | FT | Birth Date: | 02/05 | Daily OT Hrs: | 8.00 | Unit: | | Status Code: | |
| Shift: | 01 | Seniority: | | Wk/PP OT Hrs: | 80.00 | Lun Len: | 2 | Payroll Group: | |
| Title: | | | | Phone #: | | | | Time Zone: | PST |

## Statement 1

**PIONEERS MEMORIAL HOSPITAL DISTRICT**    **EMPLOYEE'S EARNINGS STATEMENT**    No. 433216

| DEPT | EMPLOYEE NO. | EMPLOYEE NAME | PERIOD END DATE | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|
| 8560 | | SELK, ELENA G | 12/25/11 | 12/30/11 | 433216 |

| SOCIAL SECURITY NUMBER | REGULAR PAY RATE | YEAR-TO-DATE GROSS | NEXT REV. DATE |
|---|---|---|---|
| | 12.54 | 29370.71 | |

| BENEFITS |
|---|

| DESCRIPTION | ACCRUED | TAKEN | BALANCE |
|---|---|---|---|
| PTO | 8.92 | 4.05 | 127.41 |
| SICK | 2.15 | 0.00 | 4.30 |

**CURRENT HOURS/EARNINGS / DEDUCTIONS**

| DESCRIPTION | HOURS | EARNINGS | DESCRIPTION | CURRENT AMOUNT | YEAR-TO-DATE AMOUNT |
|---|---|---|---|---|---|
| OT | 8.00 | 152.98 | CFTRA | 7.07 | 61.55 |
| PTO | 4.05 | 50.79 | | | |
| REG | 71.75 | 899.75 | | | |
| SFT2 | 39.75 | 49.85 | | | |

| TAXES |
|---|

| DESCRIPTION | CURRENT | YEAR-TO-DATE |
|---|---|---|
| FICA | 48.44 | 1833.57 |
| FIT | 123.16 | 2751.97 |
| MCARE | 16.73 | 425.88 |
| SDI | 13.84 | 352.45 |
| SIT | 23.03 | 509.33 |

| | TOTAL | | | TOTAL | | TOTAL | | NET PAY |
|---|---|---|---|---|---|---|---|---|
| TOTAL | 123.55 | 1153.37 | TOTAL | 7.07 | 61.55 | TOTAL | 225.20 | 5273.20 / 921.10 |

DETACH AND RETAIN THIS PORTION — KEEP FOR YOUR PERSONAL RECORDS. THIS IS YOUR STATEMENT OF EARNINGS AND AUTHORIZED DEDUCTIONS.

## Statement 2

**PIONEERS MEMORIAL HOSPITAL DISTRICT**    **EMPLOYEE'S EARNINGS STATEMENT**    No. 432641

| DEPT | EMPLOYEE NO. | EMPLOYEE NAME | PERIOD END DATE | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|
| 8560 | | SELK, ELENA G | 12/19/11 | 12/20/11 | 432641 |

| SOCIAL SECURITY NUMBER | REGULAR PAY RATE | YEAR-TO-DATE GROSS | NEXT REV. DATE |
|---|---|---|---|
| | 12.54 | 28217.34 | |

| BENEFITS |
|---|

| DESCRIPTION | ACCRUED | TAKEN | BALANCE |
|---|---|---|---|
| | 0.00 | | 122.54 |
| SICK | 0.00 | | 2.15 |

**CURRENT HOURS/EARNINGS / DEDUCTIONS**

| DESCRIPTION | HOURS | EARNINGS | DESCRIPTION | CURRENT AMOUNT | YEAR-TO-DATE AMOUNT |
|---|---|---|---|---|---|
| OTH | 175.00 | 175.00 | | | |

| TAXES |
|---|

| DESCRIPTION | CURRENT | YEAR-TO-DATE |
|---|---|---|
| FICA | 7.35 | 1185.13 |
| MCARE | 2.54 | 409.15 |
| SDI | 2.10 | 338.61 |

| | TOTAL | | | TOTAL | | TOTAL | | NET PAY |
|---|---|---|---|---|---|---|---|---|
| TOTAL | 175.00 | 175.00 | TOTAL | 0.00 | 0.00 | TOTAL | 11.99 | 1932.89 / 163.01 |

DETACH AND RETAIN THIS PORTION — KEEP FOR YOUR PERSONAL RECORDS. THIS IS YOUR STATEMENT OF EARNINGS AND AUTHORIZED DEDUCTIONS.

## Statement 3

**PIONEERS MEMORIAL HOSPITAL DISTRICT**    **EMPLOYEE'S EARNINGS STATEMENT**    No. 428869

| DEPT | EMPLOYEE NO. | EMPLOYEE NAME | PERIOD END DATE | CHECK DATE | CHECK NO. |
|---|---|---|---|---|---|
| 8560 | | SELK, ELENA G | 11/13/11 | 11/18/11 | 428869 |

| SOCIAL SECURITY NUMBER | REGULAR PAY RATE | YEAR-TO-DATE GROSS | NEXT REV. DATE |
|---|---|---|---|
| | 12.54 | 25464.99 | |

| BENEFITS |
|---|

| DESCRIPTION | ACCRUED | TAKEN | BALANCE |
|---|---|---|---|
| PTO | 8.92 | 11.50 | 147.70 |
| SICK | 2.15 | 0.00 | 26.55 |

**CURRENT HOURS/EARNINGS / DEDUCTIONS**

| DESCRIPTION | HOURS | EARNINGS | DESCRIPTION | CURRENT AMOUNT | YEAR-TO-DATE AMOUNT |
|---|---|---|---|---|---|
| OT | 0.25 | 4.82 | CFTRA | 2.14 | 52.76 |
| PTO | 11.50 | 144.21 | | | |
| REG | 68.25 | 855.86 | | | |
| SFT2 | 52.75 | 66.15 | | | |
| WKSHP | 0.25 | 3.14 | | | |

| TAXES |
|---|

| DESCRIPTION | CURRENT | YEAR-TO-DATE |
|---|---|---|
| FICA | 45.12 | 1069.53 |
| FIT | 111.28 | 2386.63 |
| MCARE | 15.57 | 369.24 |
| SDI | 12.89 | 305.58 |
| SIT | 19.55 | 448.03 |

| | TOTAL | | | TOTAL | | TOTAL | | NET PAY |
|---|---|---|---|---|---|---|---|---|
| TOTAL | 133.00 | 1074.18 | TOTAL | 2.14 | 52.76 | TOTAL | 204.41 | 4579.01 / 867.63 |

DETACH AND RETAIN THIS PORTION — KEEP FOR YOUR PERSONAL RECORDS. THIS IS YOUR STATEMENT OF EARNINGS AND AUTHORIZED DEDUCTIONS.