Orlando B. Foote, SBN 031275
Margarita Haugaard, SBN 159199
HORTON, KNOX, CARTER & FOOTE, LLP
1230 Columbia Street, Suite 550
San Diego, CA  92101
Telephone No. (619) 595-0220
Fax No. (619) 595-0225

Attorneys for defendant PIONEERS MEMORIAL HEALTHCARE DISTRICT,
 a local health care district
   erroneously sued as a business entity, form unknown

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA SELK, individually and on behalf of other members of the general public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PIONEERS MEMORIAL HEALTHCARE DISTRICT, a business entity, form unknown, and DOES 1-50, inclusive<br><br>　　　　　　Defendants. | Case No. 13 CV 0244 DMS BGS<br><br>**JOINT MOTION RE: NOTICE TO PUTATIVE CLASS MEMBERS AS TO DISCLOSURE OF CONTACT INFORMATION; and PROTECTIVE ORDER FOR DISCLOSED CONTACT INFORMATION**<br><br>Magistrate Judge<br>Honorable Bernard G. Skomal |

　　　This Joint Motion is made by counsel for defendant PIONEERS MEMORIAL HEALTHCARE DISTRICT, a local health care district (**"District"**) and by counsel for plaintiff Elena Selk (**"Plaintiff Selk"**) pursuant to practice and procedures of this Court, U.S.D.C. Southern District of California Local Rule 7.2.  The District and Plaintiff Selk may be referred to collectively as the "Parties" herein.

/ / /

/ / /

**A. Status of Pleadings**

On January 31, 2013, Plaintiff Selk filed her initial Complaint with two counts: (1) alleged violations of the Fair Labor Standards Act of 1938 (**"FLSA"**); and (2) alleged violations of the unfair competition law (**"UCL"**) as set forth in California Business and Professions Code §§ 17200 *et seq*. See ECF No. 1.

On March 1st, the District filed its Answer to Plaintiff's initial Complaint (ECF No. 3).

On August 9th, the Honorable Judge Sabraw granted the Joint Motion allowing Plaintiff Selk to file her proposed "Second Amended Complaint" and instructing the Magistrate Judge to enter a new scheduling order (ECF No. 19).

On August 9th, Plaintiff Selk filed her "Second Amended Complaint" (**"SAC"**) with two counts: (1) alleged violations of the FLSA; and (2) alleged violations of the UCL. See ECF No. 20.

On August 23rd, the District filed its Answer to Plaintiff's SAC (ECF No. 24). On August 25th, the District filed a Motion for Partial Judgment on the Pleadings (ECF No. 25).

**B. Discovery Dispute re Employees' Contact Information**

Around July 2nd, Plaintiff Selk caused her first round of discovery requests to be served. Plaintiff's Selk's Interrogatory No. 1 requests the contact information for all former and current employees of the District since January 2009 (**"Putative Class Members"**).

On August 1st, the District served its discovery responses. The District's response to Interrogatory No. 1 includes the assertion of the privacy rights of third parties, and it offered to produce such information after an appropriate Confidentiality Order is entered and after such third parties have had a meaningful opportunity to object to the disclosure of their information.

Counsel for the Parties met and conferred in written exchanges. Subsequently, on August 21st, the District's counsel went to the office of counsel for Plaintiff Selk for an in-person meet and confer.

On August 22nd, a telephonic discovery conference was conducted by the Department of Magistrate Judge Skomal as to several discovery issues. At this conference, counsel for the Parties agreed to enter into a stipulation with an attached <u>Belaire</u> notice. <u>Belaire West Landscape Inc. v. Superior Court</u>, 159 Cal. App. 4th 554 (2007).

## C. Stipulation

The Parties hereby agree to the following procedures.

1.  The Notice of Disclosure of Contact Information of Current and Former Non-Exempt Employees of the District and the return postcard (**"Contact-Disclosure Notice"** and **"Opt-out Disclosure Postcard"**) attached as *Exhibit A* are approved by the Parties as the notice and postcard to be mailed to all Putative Class Members in this case.

2.  The Parties shall act in good faith and take all actions reasonably necessary to cause a neutral third-party mail server (**"Mail Server"**) to deliver the Contact-Disclosure Notice and the Opt-out Disclosure Postcard to all Putative Class Members via first class U.S. mail. The District will pay the Mail Server for ordinary costs.

3.  On or before five business days after the issuance of the Order granting this joint motion, the District's counsel will provide to the Mail Server a list of the last known identification and corresponding contact information (mailing addresses and telephone numbers) of all of the Putative Class Members (**"PCM List"**). Subsequently, the District's counsel will provide Plaintiff Selk's counsel with written confirmation that the District provided the PCM List to the Mail Server and the date when the PCM List was provided to the Mail Server.

4. Within five business days of receiving the PCM List from the District's counsel, the Mail Server will mail the Contact-Disclosure Notice and the Opt-out Disclosure Postcard to all Putative Class Members identified on the PCM List.

5. The Contact-Disclosure Notice will include either a stamped self-addressed Opt-out Disclosure Postcard or a BRM self-addressed Opt-out Disclosure Postcard that must be returned to the Mail Server in order for each Putative Class Member to prevent his or her contact information from being disclosed to Plaintiff Selk's counsel.

6. The returned Opt-out Disclosure Postcard must be postmarked by 30 calendar days after the date that the Mail Server mailed the Contact-Disclosure Notice and the Opt-out Disclosure Postcard in order to prevent the disclosure of the Putative Class Member's contact information (**"Postmark Due Date"**).

7. On or before the 7th business day after the Postmark Due Date, the Mail Server shall notify the Parties as to how many Putative Class Members did *not* return the Opt-out Disclosure Postcard and furthermore shall provide a list to the District's counsel identifying those Putative Class Members.

8. On or before the 9th business day after the Postmark Due Date, the District's counsel shall provide via email to the Sullivan Law Group (**"Plaintiff's Counsel"**) the names, last known home addresses, last known telephone numbers, and last known email addresses (if applicable) of those Putative Class Members who did *not* return the Opt-out Disclosure Postcard (**"Disclosed Contact Information"**).

/ / /

/ / /

/ / /

9. The Disclosed Contact Information shall be used only by Plaintiff's Counsel and shall be used <u>exclusively</u> for purposes of this lawsuit. Plaintiff's Counsel shall not disclose the Disclosed Contact Information to anyone other than their clerical employees. Plaintiff's Counsel's employees shall not disclose the Disclosed Contact Information to anyone at all. The Disclosed Contact Information shall not be disclosed to Plaintiff nor to anyone else, including without limitation, any other Putative Class Members.

10. Plaintiff's Counsel shall not disclose the Disclosed Contact Information in any court filings.

11. If Plaintiff's Counsel were to receive from a third party a subpoena, discovery request, or other demand for information that seeks disclosure of the Disclosed Contact Information, then Plaintiff's Counsel shall immediately notify in writing the District's counsel that it has received such subpoena, request, or demand (**"Notification of Demand"**). Plaintiff's Counsel shall not provide any of the Disclosed Contact Information until at least fifteen (15) court days after the date of actual receipt by the District's counsel of such Notification of Demand so that the District's counsel may pursue appropriate remedies to protect the Disclosed Contact Information.

12. Within five court days after this lawsuit has terminated, Plaintiff's Counsel shall destroy all versions of the Disclosed Contact Information, in all formats and media, including without limitation electronic storage. Within ten court days after this lawsuit has terminated, Plaintiff's Counsel shall certify in a signed writing to the District's counsel that all of the Disclosed Contact Information in its possession, custody, or control has been destroyed.

13. The Court shall retain jurisdiction to enforce this Order after this lawsuit has terminated.

/ / /

/ / /

1  THEREFORE, THE PARTIES HEREBY MOVE that the Court grant this
2  joint motion and enter an order: regulating notice to Putative Class Members
3  as to the disclosure of their contact information, including *Exhibit A*; and
4  providing protective measures for contact information that will be disclosed.

HORTON, KNOX, CARTER & FOOTE, LLP

s/Margarita Haugaard

Date: September 11, 2013
_____
Orlando B. Foote
Margarita Haugaard
Attorneys for defendant
PIONEERS MEMORIAL HEALTHCARE DISTRICT,
a local health care district


SULLIVAN LAW GROUP, APC

s/Lara A. Prodanovich

Date:  September 13, 2013
_____
William B. Sullivan
Erik K. Yaekel
Lara A. Prodanovich
Attorneys for Plaintiff ELENA SELK,
individually and on behalf of other members
of the general public similarly situated

# NOTICE RE DISCLOSURE OF CONTACT INFORMATION OF CURRENT AND FORMER EMPLOYEES OF PIONEERS MEMORIAL HEALTHCARE DISTRICT

On January 31, 2013, plaintiff Elena Selk ("Plaintiff") filed her initial Complaint with two counts: (1) alleged violations of the Fair Labor Standards Act of 1938; and (2) alleged violations of the unfair competition law as set forth in California Business and Professions Code §§ 17200 et seq. ("Lawsuit"). Elena Selk purports to represent current and former non-exempt employees of PIONEERS MEMORIAL HEALTHCARE DISTRICT, a local health care district ("Pioneers").

Pioneers denies the allegations made by Plaintiff, and it contends that it has complied with all applicable laws with respect to Plaintiff's claims.

The first step in the legal process is a determination by the court as to whether this Lawsuit should proceed as a class action. As an initial part of this process, Plaintiff's attorneys have requested your name and contact information along with the names and contact information for Pioneers' current and former non-exempt employees. **Plaintiff's attorneys have requested your full name, your last known home address, your last known home telephone number, and your last known email address**.

In the interest of protecting your privacy rights, Pioneers has not yet disclosed your contact information.

This notice has been sent to you by a neutral third party so that you can decide whether or not to authorize the disclosure of your name and all of your contact information to Plaintiff's attorneys.

If you are receiving this notice, you are a potential class member and are entitled to prevent the disclosure of your contact information. By order of the United States District Court, this notice has been sent to you to determine if you object to Plaintiff's attorneys receiving your name and all of your contact information.

**THEREFORE, IF YOU DO NOT WANT YOUR CONTACT INFORMATION TO BE DISCLOSED TO PLAINTIFF'S ATTORNEYS, THEN YOU MUST COMPLETE AND RETURN THE ENCLOSED POSTCARD NO LATER THAN _____, 2013.**

**If you do not return the enclosed postcard by _____, 2013, your contact information will be disclosed, and you may be contacted by Plaintiff's attorneys.**

Pioneers will not retaliate against you for: responding or not responding to this notice; contacting any of the attorneys; or participating in this Lawsuit.

Please do not contact the court regarding this notice.

*Exhibit A*

[*POSTCARD*]

**REQUEST TO PREVENT DISCLOSURE OF CONTACT INFORMATION**

Dear [*Employee Name inserted by Mail Server*]:

If you do NOT want your name, home address, home telephone number, and email address to be disclosed to Plaintiff's attorneys, then you must return this pre-paid postcard by placing it in any U.S. Postal Service mail box on or before [*date to be inserted*].

_____
*[Signature]*

*Exhibit A*