1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10   ELENA SELK, individually and on behalf of          CASE NO. 13cv0244 DMS (BGS)
     other members of the general public similarly
11   situated,                                          **ORDER DENYING DEFENDANT'S**
                                                        **MOTION FOR PARTIAL JUDGMENT**
12                                    Plaintiff,        **ON THE PLEADINGS**

13          vs.                                         **[Docket No. 25]**

14   PIONEERS MEMORIAL HEALTHCARE
     DISTRICT, a business entity, form unknown,
15   and DOES 1-50, inclusive,

16                                    Defendant.

17          This matter comes before the Court on Defendant's motion for partial judgment on the

18   pleadings.  Plaintiff filed an opposition to the motion, and Defendant filed a reply.  For the reasons

19   discussed below, the Court denies the motion.

20                                            **I.**

21                                       **BACKGROUND**

22          Plaintiff Elena Selk is a former employee of Defendant Pioneers Memorial Healthcare District.

23   In December 2007, she began working for Defendant as an intake clerk.  In July 2008, she transferred

24   to the position of emergency room patient registration clerk.  Plaintiff held that position until February

25   2012, when her employment was terminated.

26          On January 31, 2013, Plaintiff filed the present case in which she alleges a claim for violation

27   of the Fair Labor Standards Act ("FLSA") and a claim for unfair competition in violation of California

28   Business and Professions Code § 17200 ("Unfair Competition Law" or "UCL").  Defendant filed an

Answer to the Complaint, and on a joint motion of the parties, Plaintiff filed an Amended Complaint on August 9, 2013.  Defendant filed an Answer to the Amended Complaint, and thereafter filed the present motion.

## II.

## DISCUSSION

Defendant moves for judgment on the pleadings on Plaintiffs' first and second claims for relief. Plaintiff opposes the motion in all respects.

**A.     Standard of Review**

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In reviewing a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Id.* (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999)).

**B.     FLSA Claim**

Defendant raises two arguments in support of its motion for judgment on the pleadings on this claim.  First, Defendant argues Plaintiff's claim is mathematically flawed.  Second, Defendant asserts Plaintiff's claim is untimely.

In light of the Court's ruling on Plaintiff's motion to amend the pleadings, Defendant's argument concerning the mathematical flaws in this claim is moot and does not warrant judgment in favor of Defendant.

Defendant's second argument is equally unpersuasive.  Here, Defendant asserts Plaintiff's claim is time-barred because Exhibit A to the complaint is from 2008, which is outside the statute of limitations.  However, it is clear from the complaint itself that Plaintiff is seeking to recover for violations of the FLSA that occurred "during the last three years."  (Am. Compl. [Docket No. 20] ¶ / / /

9.)  As the complaint itself is limited to violations that occurred within the statute of limitations, this argument does not warrant judgment for Defendant on this claim.

**C.      UCL Claim**

Turning to Plaintiff's second claim, Defendant argues it is entitled to judgment on this claim because it is a public entity and therefore not a "person" subject to suit under the UCL.  Defendant also asserts its public entity status renders it immune under California Government Code § 815.

In support of its assertion of public entity status, Defendant submitted a copy of a "Statement of Facts Roster of Public Agencies Filing," and asked the Court to take judicial notice of this document pursuant to Federal Rule of Evidence 201.  (*See* Request for Judicial Notice in Supp. of Mot., Ex. 3.)  Plaintiff offers several arguments concerning this document, but does not appear to dispute that it is subject to judicial notice.  The Court need not decide whether to take judicial notice of the document, however, because Defendant fails to explain how or why it would result in a finding that Defendant is a public entity.  Therefore, this document and Defendant's corresponding arguments do not warrant judgment in its favor.

### III.

### CONCLUSION

For these reasons, the Court denies Defendant's motion for partial judgment on the pleadings.

**IT IS SO ORDERED**.

DATED:  October 22, 2013

_____
HON. DANA M. SABRAW
United States District Judge

13cv0244